NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MICHAEL E. ROSS and RAESHEENA ROSS, <br><br> Plaintiffs, <br><br> v. <br><br> TOWNSHIP OF WOODBRIDGE, et al., <br><br> Defendants. | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No. 09-CV-1533 (DMC) |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

This matter comes before the Court upon motion by Detective Chris Lyons ("Lyons"), Township of Woodbridge and Township of Woodbridge Police Department (collectively, "Defendants") for an entry of summary judgment against Michael E. Ross and Raesheena N. Ross ("Plaintiffs") pursuant to Fed. R. Civ. P. 56. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering all submissions, it is the decision of this Court that Defendants' motion is **granted in part** and **denied in part**.

**I.   BACKGROUND**

Michael E. Ross was arrested on September 27, 2006 in connection with the crime of witness tampering in violation of N.J.S.A. § 2C:28-5. Raesheena Ross was arrested on September 29, 2006 in connection with the crime of witness tampering in violation of N.J.S.A.§ 2C:28-5. An arrest report, presumably for Michael E. Ross, although the name has been redacted, indicates bail as set at $125,00.00 by the Honorable Joseph I. Rea, J.S.C. Detective Christopher Lyons signed this arrest

report. An arrest report, identifying Raesheena N. Ross, indicates bail as set at $125,000.00 by the Honorable Joseph I. Rea, J.S.C. Specifically, the underlying criminal complaint against each Plaintiff, signed by Investigator Mark Clements of the Middlesex County Prosecutors Office indicates that "believing an official proceeding or investigation was pending or about to be instituted, knowingly attempt to induce or otherwise cause Shari Roberts, a witness in a murder investigation, to testify or inform falsely while in Perth Amboy, N.J. in violation of N.J.S. 2C:28-5a1. pc: statement of victim and results of police investigation." [sic]

Plaintiffs filed this complaint in the Superior Court of New Jersey on January 5, 2009, alleging claims for false arrest, false imprisonment, malicious prosecution, deprivation of Constitutional rights in violation of 42 U.S.C. § 1983, including violating their rights under the Fourth and Fourteenth Amendments. Pursuant to that complaint, Plaintiffs allege that 'the statements and allegations set forth in the complaints by defendants were false and were known to defendants to be false." Further, the complaint alleges that "on or about September 27, 2006, defendants Detective Chris Lyons and Investigator Mark Clements did present false charges allegedly made against plaintiffs by Shari Roberts in the form of a warrant to the Judge of the Superior Court for an issuance of a warrant." Additionally, Plaintiffs contend that Defendants either intentionally withheld or acted with reckless disregard concerning information indicating a history of harassment by the alleged victim and directed toward Plaintiffs. On January 5, 2007, following the testimony of Shari Roberts and Mark Clements before a Grand Jury, a no-bill was returned.

On March 30, 2009, Defendants filed notice to remove the action from state to federal court. On July 30, 2009, Lyons filed a motion for summary judgment. In connection with that motion, Lyons filed a statement of undisputed facts. On October 20, 2009, by way of letter, in lieu of a more

formal brief, the Township of Woodbridge and the Township of Woodbridge Police Department submitted a request to join in the summary judgment motion as presented by Lyons. Plaintiffs have not filed opposition to the instant motion. However, Defendants Middlesex County Prosecutor's Office and Investigator Mark Clements oppose this motion, asserting, in contrast to paragraph 5 of Lyons' statement of undisputed facts, Lyons was not working under the auspices of the Middlesex County Prosecutor's Office.[1]

In summary, the statement of undisputed facts presented by Lyons' identifies the initial filing of the complaint and answer, the charges against Lyons, including, false arrest and malicious prosecution, the arrest dates of Plaintiffs and Lyons' rank and employment with the Woodbridge Police Department. Further, the statement of undisputed facts indicates that Lyons' did not sign the criminal complaints against either of the Plaintiffs, that Lyons did not testify at the Grand Jury proceedings concerning Plaintiffs, that Lyons did not testify in support of probable cause to issue the warrants against Plaintiffs or with respect to Plaintiffs' bail.[2]

## II.     LEGAL STANDARD

"A court reviewing a summary judgment motion must evaluate the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." Gaston v. U.S. Postal Serv., 2009 U.S. App. LEXIS 5673 (3d Cir. 2009). However, "[t]he judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment

---

[1] Paragraph 5 states, "With regard to the investigation of the plaintiffs, as relevant to this litigation, Lyons was working under the auspices of and in accordance with the Middlesex County Prosecutor's Office."

[2] With the exception of paragraph 5, Lyons' statement of undisputed facts remains uncontested.

as a matter of law." Fed. R. Civ. P. 56(c).

"A party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim." Fed. R. Civ. P. 56(b). "[T]he burden on the moving party may be discharged by "showing" -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Cartrett, 477 U.S. 317, 325 (1986). "[R]egardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c)." Celotex, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)).

> When a motion for summary judgment is properly made and supported, [by contrast,] an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e)(2). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (internal citations omitted). Indeed, "unsupported allegations in [a] memorandum and pleadings are insufficient to repel summary judgment." See Schoch v. First Fid. Bancorp., 912 F.2d 654, 657 (3d Cir. 1990). Rule 56(e) permits "a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Id. (quoting Lujan v. National Wildlife Fed'n., 497 U.S. 871, 889 (1990)). "It is clear enough that unsworn statements of counsel in memoranda submitted to the court are even less effective in meeting the requirements of Rule 56(e) than are the unsupported allegations of the

pleadings." Schoch, 912 F.2d at 657.

"A movant is not automatically entitled to summary judgment simply because the non-movant fails to oppose the motion." Johnson v. City of Asbury Park, 2009 U.S. Dist. LEXIS 115518, *5 (D.N.J. Dec. 11, 2009) (citing Anchorage Assoc. v. V.I. Bd. of Tax Rev., 922 F.2d 168, 175 (3d Cir. 1990)). "Instead, Rule 56 provides that the Court may grant the unopposed motion 'if appropriate.'" Id. "An unopposed motion is appropriately granted if the Court, following an analysis on the merits, determines that the movant is entitled to judgment as a matter of law." Id.

### III.   DISCUSSION

#### A.   Statute of Limitations

Defendants contend that Counts I and III of Plaintiffs' complaint must be dismissed as time barred by the applicable statute of limitations. Counts I and III appear to allege claims for false arrest and false imprisonment.

Although "42 U.S.C.S. § 1983 provides a federal cause of action, [ ] in several respects federal law looks to the law of the state in which the cause of action arose." Wallace v. Kato, 549 U.S. 384, 387 (2007). "This is so for the length of the statute of limitations: it is that which the state provides for personal injury torts." Id. "New Jersey's two-year statute of limitations on personal injury actions, N.J.S.A. 2A:14-2, applies to civil rights claims under § 1983." Baker v. Wittevrongel, 2010 U.S. App. LEXIS 2027, *11 (3d Cir. Jan. 29, 2010); see Montgomery v. DeSimone, 159 F.3d 120, 126 (3d Cir. 1998). At the same time, the "accrual date of a [ ] § 1983 cause of action is a question of federal law that is not resolved by reference to state law." Wallace, 549 U.S. at 387. "[I]t is the standard rule that accrual occurs when a plaintiff has a complete and present cause of action, that is,

when the plaintiff can file suit and obtain relief." Id. With respect to false arrest, the plaintiff "could have filed suit as soon as the allegedly wrongful arrest occurred, subjecting him [or her] to the harm of involuntary detention, so the statute of limitations would normally commence to run from that date." Id. at 388. However, with respect to an allegation of false imprisonment, "[l]imitations begin to run against an action for false imprisonment when the alleged false imprisonment ends." Id. at 389.

Michael E. Ross was arrested on September 27, 2006 and incarcerated until October 13, 2006 when an initial appearance was conducted before the New Jersey Superior Court, Middlesex County, Law Division. Raesheena Ross was arrested on September 29, 2006 and incarcerated until October 13, 2006 when an initial appearance was conducted before the New Jersey Superior Court, Middlesex County, Law Division. The two-year statute of limitations with respect to Plaintiffs' false arrest cause of action began to run on September 27, 2006 and September 29, 2006, respectively, and expired on September 27, 2008 and September 29, 2008, respectively. The two-year statute of limitations with respect to Plaintiffs' false imprisonment claims began to run on October 13, 2006 and consequently, expired on October 13, 2008. Plaintiffs' complaint, dated January 5, 2009, is time barred with respect to Plaintiffs' false arrest and false imprisonment claims. Therefore, on this ground, Counts I and III of the complaint are dismissed and Defendants' motion is **granted**.

B.   Malicious Prosecution

Plaintiffs assert a deprivation of their Fourth and Fourteenth Amendment rights in violation of 42 U.S.C. § 1983. In the present matter, Lyons contends that his involvement with respect to the allegations by Plaintiffs was limited. At all times, Lyons alleges that he was operating under the

auspices of the Middlesex County Prosecutors Office. Lyons presents the Court with the allegedly undisputed fact that Lyons did not complete or sign the underlying complaints against either of the Plaintiffs, that Lyons did not testify at a Grand Jury proceeding or "before any Judge in support of probable cause to issue the charges against [Plaintiffs]" or in support of the bail ultimately set. Further, Lyons alleges that his actions were minimal and did not constitute an initiation of legal proceedings against Plaintiffs.

First, Defendants contend that Plaintiffs fail to establish, in accordance with 42 U.S.C. § 1983, that Lyons' conduct affected a deprivation of Plaintiffs Constitutional rights or served as the proximate cause of any such deprivation. While not a source of substantive rights, Section 1983 provides a method for vindicating rights secured elsewhere in federal law. Gonzaga Univ. v. Doe, 536 U.S. 273, 284–85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). "[A] section 1983 malicious prosecution claim may [ ] include police conduct that violates the Fourth Amendment, the procedural due process clause or other explicit text of the Constitution." Torres v. McLaughlin, 163 F.3d 169, 173 (3d Cir. 1998). To establish a claim pursuant to § 1983, Plaintiffs must demonstrate that the Defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50 (1999). Contrary to Lyons' argument, it is not clear to the Court that proximate cause is a requisite element of 42 U.S.C. § 1983 claim. Although Plaintiffs did not file an opposition to Defendants' motion for summary judgment, it is undisputed that the charges presented to the grand jury with respect to Plaintiffs resulted in a "no-bill." Consistent with the obligation to draw all inferences in favor of the non-moving party, the Court declines to permit summary judgment on the ground that Plaintiffs suffered no deprivation of Constitutional rights.

Second, Defendants contend that, without conceding the existence of elements 2-5, Plaintiffs fail to establish that Lyons initiated a criminal proceeding against Plaintiffs, element 1. "To prove malicious prosecution under § 1983, a plaintiff must show that:(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." Kossler v. Crisanti, 564 F.3d 181, 186 (3d Cir. 2009)(citing Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003)). With respect to malicious prosecution, the element concerning initiation of criminal proceedings "may be met by proof that defendant took some active part in instigating or encouraging the prosecution, advised or assisted another person to begin the proceeding, ratified it when it is begun, or took any active part in directing or aiding the conduct of the case." Grendysa v. Evesham Twp. Bd. of Educ., 2005 U.S. Dist. LEXIS 22748, *50 (D.N.J. Sep. 27, 2005) (citing Epperson v. Wal-Mart Stores, Inc., 373 N.J. Super. 522, 531 (App. Div. 2004)); Wiltz v. Middlesex County Office of the Prosecutor, 2006 U.S. Dist. LEXIS 46821, *25 (D.N.J. July 10, 2006) (citing Epperson, 373 N.J. Super at 531). Despite Lyons contention that he did not fill out the complaint, testify at a grand jury proceeding or before a judge in any proceeding related to this matter, Lyons did indeed complete an arrest report in furtherance of the underlying action. Again, consistent with the obligation to draw all inferences in favor of the non-moving party, the Court declines to enter summary judgment on this ground.

Third, Lyons invokes a defense of qualified immunity with respect to Plaintiffs' charge of malicious prosecution. "When an officer's actions give rise to a § 1983 claim, the privilege of qualified immunity, in certain circumstances, can serve as a shield from suit." Wright, 409 F.3d at 599. The doctrine of qualified immunity shields government officials "from suits seeking

8

damages under 42 U.S.C. § 1983 insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Donahue v. Gavin, 280 F.3d 371, 377 (3d Cir. 2002) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  "Qualified immunity rests on a two-pronged objective analysis: (1) whether a plaintiff has alleged a violation of a constitutional right; and (2) whether a constitutional right was "clearly established" at the time of the alleged misconduct." Torres v. Twp. of N. Bergen, 2010 U.S. Dist. LEXIS 366, *17 (D.N.J. Jan. 5, 2010)(citing Pearson v. Callahan, 129 S. Ct. 808, 815 (2009)). "[T]he qualified immunity defense applies 'to all but the plainly incompetent or those who knowingly violate the law.'" Torres, 2010 U.S. Dist. LEXIS 366, at *17 (citing Malley v. Briggs, 475 U.S. 335, 341 (1986)).

"[A]ny material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion." L. Civ. R. 56.1(a).  Even accepting the undisputed material facts presented by Lyons as true, with the exception of paragraph 5, the Court has not been presented with sufficient facts to ascertain whether application of the qualified immunity defense is appropriate.  While the Court is not foreclosing application of the qualified immunity defense, judgment as to this issue is reserved.  At this time, summary judgment on this ground is **denied**.

### IV.   CONCLUSION

For the foregoing reasons, Defendants' motion for an entry of summary judgment in Defendants' favor is **granted in part** and **denied in part** .  An appropriate Order accompanies this Opinion.

S/ Dennis M. Cavanaugh<br>
Dennis M. Cavanaugh, U.S.D.J.

Dated:         March 23  , 2010  
Original:      Clerk  
cc:            All Counsel of Record  
              Hon. Mark Falk, U.S.M.J.  
              File